IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERRICK SINDORF,

    Plaintiff,

vs.

PROGRESSIVE AUTO CENTER, INC., and MICHAEL KELLY, Individually,

    Defendants.

Case No.: 2:21-cv-00483

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DERRICK SINDORF ("SINDORF" or "Plaintiff") sues Defendants, PROGRESSIVE AUTO CENTER, INC., ("PROGRESSIVE"), and MICHAEL KELLY ("KELLY"), individually, (collectively referred to as "Defendants") and states:

### NATURE OF ACTION

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### PARTIES

2. At all times material hereto, Plaintiff was a resident of Collier County, Florida, in the Middle District of Florida.

3. Defendant PROGRESSIVE was, and continues to be, a Florida Corporation engaged in the transaction of business in Collier County, Florida, with its principal place of business located in Marco Island, Florida.

4. Upon information and belief, at all times material to this action, Defendant KELLY was and continues to be, a resident of Collier County, Florida.

## JURISDICTION AND VENUE

5. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

6. Defendant PROGRESSIVE is engaged in the business automotive repair. Defendant PROGRESSIVE's principal place of business is 720 Bald Eagle Dr., Marco Island, FL 34145. Defendant's business activities within this judicial district are substantial and not isolated.

7. Individual Defendant KELLY resides in the Middle District of Florida and is the owner of the corporate Defendant PROGRESSIVE.

8. The Middle District of Florida is the proper venue for this action because Defendants reside in the judicial district, and the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

9. At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff's "employers," and Plaintiff was an "employee" of Defendants.

10. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

11. At all times material, Defendants had gross sales volume of at least $500,000 annually.

12. At all times material, Defendants have and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

**Individual Coverage**

13. At all times material hereto, Plaintiff was "engaged in commerce" and is subject to individual coverage under the FLSA in that:

    a. The products and materials that Plaintiff used on a regular and recurrent basis, which were supplied to him by his employers to use on the job, moved through interstate commerce; and

    b. Plaintiff regularly received and used components and parts from out-of-state suppliers, and used those components and parts in installations for the customers' vehicles. Plaintiff also regularly communicated with out-of-state customers, prospective customers, vendors, and suppliers to further Defendants' business purposes.

14. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

**Individual Liability – Defendant KELLY**

15. At all times material, Defendant KELLY was the President and owner of Defendant PROGRESSIVE.

16. At all times material, Defendant KELLY regularly held and/or exercised the authority to hire and fire employees of Defendant PROGRESSIVE, and to determine the work schedules for the employees of the company. Defendant KELLY also held and exercised the authority to control the finances and operations of Defendant PROGRESSIVE.

17. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of PROGRESSIVE; (b) determine the work schedules for the employees of PROGRESSIVE; and (c) control the finances and operations of PROGRESSIVE, Defendant KELLY, is an employer as defined by 29 U.S.C. §201 et. seq.

## STATEMENT OF CLAIM
### COUNT I –
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

18. Plaintiff realleges Paragraphs 1 through 17 as if fully stated herein.

19. Defendants hired Plaintiff in or around December 2017.

20. Plaintiff's employment ceased on or around May 26, 2021.

21. Plaintiff was an automotive technician. His primary duties were to service, repair, and customize customer vehicles.

22. While employed, Plaintiff was paid on an hourly basis.

23. Beginning at the time he was hired and continuing through his separation, Plaintiff worked hours and workweeks in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

24. Plaintiff is entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

26. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants' failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

27. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

28. Due to the unlawful acts of Defendants, Plaintiff has suffered damages in the form of unpaid overtime wages, plus liquidated damages in an equal amount.

29. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that final judgment be entered in his favor against Defendants as follows:

a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in amounts according to proof;

c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: June 23, 2021

                Respectfully submitted,

                /s/ Jason L. Gunter
                Jason L. Gunter
                Fla. Bar No. 0134694
                Email: Jason@GunterFirm.com
                Conor P. Foley
                Fla. Bar No. 111977
                Email: Conor@GunterFirm.com

                **GUNTERFIRM**
                1514 Broadway, Suite 101
                Fort Myers, FL 33901
                Tel: 239.334.7017